Michael Reese (Cal State Bar No. 206773)
**REESE LLP**
8484 Wilshire Blvd, Suite 515
Los Angeles, California 90211
(212) 643-0500
*mreese@reesellp.com*

Andre Belanger (*Pro Hac Vice* Forthcoming)
**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street
 Charleston, South Carolina 29403
Telephone: (803) 222-2222
*andre.belanger@poulinwilley.com*
*cmad@poulinwilley.com*

*Counsel for Plaintiff and the Proposed Class*

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL GILES, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **Case No. 26-cv-8178** |
| **vs.** | **COMPLAINT** |
| **TAYLOR FRESH FOODS, INC., TAYLOR FARMS CALIFORNIA, INC., AND TACO BELL OF AMERICA, LLC,** | **CLASS ACTION** |
| | **DEMAN FOR JURY TRIAL** |
| **Defendants.** | |

CLASS ACTION COMPLAINT

COMES NOW Plaintiff Michael Giles, ("Plaintiff") and brings this Class Action Complaint against Defendant, Taco Bell of America, LLC, Defendant Taylor Fresh Foods, Inc., and Defendant Taylor Farms California, Inc., (collectively, "Defendants") as an individual and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff Michael Giles is, and at all times material hereto was, an adult resident of Brooksville, Hernando County, Florida.

2. Defendant Taco Bell of America, LLC is a foreign limited liability company organized under the laws of the State of Delaware. Defendant's sole member is, upon information and belief, a resident of Irvine, Orange County, California. Defendant can be served via its registered agent CT Corporation System, 330 N. Brand Boulevard, Glendale, California 91203. Defendant owned and operated the Taco Bell restaurant located at 13399 Cortez Boulevard, Brooksville, Florida 34613, where Plaintiff purchased the food items made subject of this lawsuit.

3. Defendant Taylor Fresh Foods, Inc., ("Taylor Fresh") is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business located at 150 Main Street, Suite 400, Salinas, California 93901. Defendant may be served via its registered agent CSC - Lawyers Incorporating Service 2710 Gateway Oaks Drive, Sacramento, California 95833. This Defendant, acting either alone or jointly with Defendant Taylor Farms California, Inc., supplied, manufactured, packaged, and distributed the iceberg lettuce delivered to Taco Bell restaurants, that caused Plaintiff's injuries.

4. Defendant Taylor Farms California, Inc., ("Taylor Farms") is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business located at 150

Main Street, Suite 500, Salinas, California 93901. Defendant acting either alone or jointly with Defendant Taylor Fresh Foods, Inc., grew, distributed, manufactured, packaged, and supplied, the iceberg lettuce (the "Products") delivered to Taco Bell restaurants, that caused Plaintiff's injuries.

5.    This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C.§1332, because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from each Defendant.

6.    This Court has personal jurisdiction over Defendants because Defendants transacted business within this District, including the manufacture, preparation, and sale of food products to consumers in this State, Defendants maintain a principal place of business in this State, and committed the tortious acts giving rise to this action within this State.

7.    Venue is proper under 28 U.S.C §1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in and emanated from this District.

## **FACTUAL ALLEGATIONS**

8.    Plaintiff re-alleges and incorporate by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

9.    In July 2026, the Centers for Disease Control and Prevention ("CDC") began notifying the public regarding an outbreak of cyclosporiasis in the United States.

10.    Cyclosporiasis is a gastrointestinal illness caused by the *Cyclospora* parasite. People can become infected by consuming food or water that contains the parasite.[1]

---

[1] *About Cyclospora*, available at: https://www.cdc.gov/cyclosporiasis/about/index.html

11. *Cyclospora* infects the small intestine (bowel) and can cause watery and sometimes frequent diarrhea. If not treated, cyclosporiasis may last from a few days to over a month. Symptoms may seem to go away and then return one or more times.

12. The most common symptoms include frequent, watery diarrhea, along with loss of appetite, weight loss, bloating, nausea, and fatigue. Less common symptoms include low-grade fever and vomiting. The time between becoming infected and becoming sick is usually about one week but can range from two (2) days to two (2) weeks or more.[2]

13. Laboratory tests can have a hard time detecting *Cyclospora* even when patients have symptoms. Patients may have to submit several stool samples on different days to detect *Cyclospora*. Identification of *Cyclospora* requires special laboratory tests that are not part of routine stool testing.[3]

14. Generally, people have been infected by consuming fruits or vegetables that were exposed to feces-contaminated irrigation water.[4]

15. According to the CDC, as of July 24, 2026, at least 1,947 people in 9 states were infected with *Cyclospora*.[5]

16. Federal investigators with the CDC and the U.S. Food and Drug Administration ("FDA") identified lettuce from Mexico served at Taco Bell locations across five U.S. states as a source of the diarrhea-causing parasite *Cyclospora*.

17. Federal health officials identified Taylor Fresh Foods, of Salinas, California as a supplier of the lettuce.[6]

---

[2] *Id.*

[3] *Id.*

[4] The Associated Press, *Outbreak of diarrhea-causing parasite grows to more than 1,000 cases*, July 9, 2026, available at: https://apnews.com/article/cyclospora-outbreak-michigan-31e5e0034d39e85c844065a2bd593ecb

[5] Where People Got Sick: *Cyclospora* Outbreak, July 2026, available at: **https://www.cdc.gov/cyclosporiasis/outbreaks/07-26/locations.html**

[6] The Associated Press, *Lettuce at Taco Bell in 5 states confirmed as a source of diarrhea-causing parasite,* July 17, 2026, available at: https://apnews.com/article/cyclospora-lettuce-taco-bell-cdc-fda-13d9e9ebdc46a4d05a58da2ae8e8d0de

CLASS ACTION COMPLAINT

4

18. Defendant, Taylor Fresh Foods is an operator of a fresh fruits and vegetables brand offering fresh-cut packaged produce. Defendant, Taylor Farms grows, produces and packages fresh foods, including the subject Products.

19. The iceberg lettuce supplied by the Defendants was distributed to, or used by, Taco Bell restaurants in Indiana, Kentucky, Michigan, Ohio, West Virginia, and, upon information and belief, the Taco Bell location at which Plaintiff purchased and consumed the lettuce.

20. Plaintiff and consumers do not know, and did not have a reason to know, that the Products they purchased were contaminated with the diarrhea-causing parasite *Cyclospora*. Consumers expect the food they purchase to be safe for consumption and not contaminated by harmful parasites, which can cause a serious infection.

21. Other manufacturers formulate, produce, and sell non-harmful foods including lettuce, which is evidence that the risk inherent with Defendants' products is demonstrably avoidable.

22. Feasible alternative formulations, designs, and materials are currently available and were available to Defendants at the time the Products were formulated and manufactured.

23. At the time of their purchases, Defendants did not notify Plaintiff, and similarly situated consumers, of the Product's risk of *Cyclospora* infection through the product labels, instructions, ingredients list, other packaging, advertising, or in any other manner, in violation of state and federal laws.

24. Plaintiff purchased the Products, without knowing that Products could infect those who consumed them, thus causing serious harm to those who use such Products.

25. If Plaintiff had been aware of the risk of *Cyclospora* infection, they would not have purchased the Products.

CLASS ACTION COMPLAINT

26. Plaintiff bargained for Products that were safe to consume. Defendants' Products were unsafe to consume due to the risk of *Cyclospora* infection.

27. No reasonable consumer would expect the Products to be contaminated with *Cyclospora* parasites. Accordingly, Plaintiff and similarly situated consumers were injured as a result of purchasing the Products, including, among other things, they purchased and paid for products that did not conform to what was promised as promoted, marketed, advertised, packaged, and labeled by Defendants; they were deprived of the benefit of their bargain; they spent money on a product that did not have any value or had less value than warranted; and  they would not have purchased and consumed had they known the truth about the products.

28. Additionally, because the facts concern a safety-related deficiency in the Products, Defendants were under a continuous duty to disclose to Plaintiff and consumers the true nature of the Product and to disclose the Product was contaminated with *Cyclospora*.  Furthermore, Defendants, as the owners, manufacturers, marketers, and sellers, had a duty to disclose because of Defendants' exclusive and/or superior knowledge concerning the composition of the Product.

29. Because Plaintiff was injured by the Products and all consumers purchased the worthless and dangerous Products, which they purchased under the presumption that the Products were safe, they have suffered losses.

30. As a result of the above losses, Plaintiff and Class Members seek damages and equitable relief.

***Plaintiff Giles' Experience***

31.    On, or about, June 14, 2026, Plaintiff Giles purchased and consumed food prepared and sold at the Taco Bell located at 13390 Cortez Boulevard, Brookville, Florida 34613. More specifically, Plaintiff Giles consumed a grilled steak rollup, cheese quesadilla, nacho cheese Doritos® locos taco, cinnamon twists and a Dr. Pepper®.

32.    The food Plaintiff Giles purchased and consumed contained shredded iceberg lettuce distributed by Taylor Fresh Foods/Taylor Farms. Within a week of consuming the meal, Plaintiff began experiencing symptoms of a *Cyclospora* infection, including stomach aches, diarrhea, fatigue and dehydration.

33.    As a direct and proximate result of the *Cyclospora* infection, Plaintiff suffered physical illness, pain, and suffering, lost time spent remedying the effects of the infection, lost wages, and other injuries.

## CLASS ACTION ALLEGATIONS

34.    Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

35.    Plaintiff brings this case as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and or 23(c)(4), individually, and as the Class representatives on behalf of the following:

**Nationwide Class:** All persons within the United States who consumed iceberg lettuce from Taco Bell, that was contaminated with *Cyclospora*.

36.    The Nationwide Class and any subclass shall collectively be referred to herein as the "Class" or "Class Members."

CLASS ACTION COMPLAINT

37. Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

38. Excluded from the Class are governmental entities, Defendants, its officers, directors, affiliates, legal representatives, and employees.

39. This action has been brought and may be maintained as a class action under Federal Rule of Civil Procedure 23.

40. **Numerosity** – Federal Rule of Civil Procedure 23(a)(1). The Class numbers at least in the thousands of persons. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through a variety of means, including, but not limited to, direct mail, email, published notice, and website posting.

41. **Existence and Predominance of Common Questions of Law and Fact** – Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3). There are questions of fact and law common to the Class that predominate over any question affecting only individual members. Those questions, each of which may also be certified under Rule 23(c)(4), include without limitation:

    a. Whether Defendants negligently failed to exercise reasonable care in the farming, manufacturing, promotion, marketing, advertising, packaging, labeling, distribution, and/or sale the Products;

    b. Whether Defendants sold the contaminated Products, that were unreasonably dangerous to consumers such as Plaintiff and members of the Class;

    c. Whether Defendants failed to adequately warn Plaintiff and the Class of the dangers with respect to the contaminated Products;

    d. Whether Plaintiff and the Class suffered damages as a result of the contaminated Products;

    e. Whether Defendants were negligent for failure to test;

    f. Whether Defendants' advertising, merchandising, and promotional materials directed to Plaintiff were deceptive regarding the risks posed by Defendants' Products;

    g. Whether Defendants omitted material information regarding the safety of the Products;

CLASS ACTION COMPLAINT

8

h.  Whether Defendants' Products were merchantable; and,

i.  Whether Defendants were unjustly enriched by sales of the Products.

42.  The questions set forth above predominate over any questions affecting only individual persons concerning sales of Defendants' Products throughout the United States and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to the other available methods for the fair and efficient adjudication of Plaintiff's claims.

43.  **Typicality** – Federal Rule of Civil Procedure 23(a)(3). Plaintiff's claims are typical of those of the Class in that the Class members uniformly purchased Defendant's Products and were subjected to Defendant's uniform merchandising materials and representations at the time of purchase.

44.  **Superiority** – Federal Rule of Civil Procedure 23(b)(3). A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their interests. In addition, it would be impracticable and undesirable for each member of the Class who suffered an economic loss to bring a separate action. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

45.  **Adequacy** – Federal Rule of Civil Procedure 23(a)(4). Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the Class that Plaintiff seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and undersigned counsel.

46.  **Insufficiency of Separate Actions** – Federal Rule of Civil Procedure 23(b)(1). Absent a representative class action, members of the Class would continue to suffer the harm described

herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendants. The proposed Class thus satisfies the requirements of Fed. R. Civ. P. 23(b)(1). Counsel is experienced in the litigation of civil matters, including the prosecution of consumer protection class action cases.

47. **Declaratory and Injunctive Relief** – Federal Rule of Civil Procedure 23(b)(2). Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class Members as described below, with respect to the members of the Class as a whole. In particular, Plaintiff seeks to certify the Class to enjoin Defendants from selling or otherwise distributing the Products as labeled until such time that Defendants can demonstrate to the Court's satisfaction that the Products comply with the advertised benefits and are otherwise safe to use as intended.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
### CAL. BUS. & PROF. CODE Cal. § 17200, *et seq.*

48. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

260. Plaintiff brings this claim individually and on behalf of the of the proposed Class.

261. California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." For the reasons discussed above, Defendants have engaged unlawful, unfair, and fraudulent business acts or practices in violation of California Business and Professions Code § 17200.

**Unlawful**

262.    Defendants have violated the UCL by engaging in unlawful business practices by violating Cal. Health & Safety Code §109875 and § 110620 by jointly manufacturing, selling, delivering, holding, or offering for sale adulterated food in the form of the Products. The Products were adulterated within the meaning of Cal. Health & Safety Code §§ 110545, because, as alleged herein, they contained the deleterious substance *Cyclospora*.

263.    Defendants have also violated the UCL's prohibition on unfair business practices because their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

**Unfair**

264.    Defendants committed unfair practices by, selling, delivering, holding, or offering for sale adulterated food in the form of the Products.

265.    Defendants also committed unfair practices by jointly manufacturing, selling, delivering, holding, or offering for sale the Products without adequate testing of screening for *Cyclospora*.

266.    Plaintiff and the other members of the Class suffered a substantial injury by virtue of buying Products they would not have purchased absent Defendants' unlawful, unfair, or fraudulent conduct, including the manufacture, selling, delivering, holding, or offering for sale of adulterated products and the fraudulent marketing and advertising about the nature of the Products.

267.    There is no benefit to consumers or competition from Defendants' manufacture, selling, delivering, holding, or offering for sale of adulterated products.

268.    Defendants were obligated to disclose the presence of *Cyclospora* in the Products

CLASS ACTION COMPLAINT                                        11

because:

    a. Defendants had exclusive knowledge of the presence of *Cyclospora.* in the Products that was not known or reasonably accessible to Plaintiff and the Class.

    b. Defendants actively concealed the presence of *Cyclospora* from Plaintiff and the Class.

269. Plaintiff and the other Class members had no way of reasonably knowing that the Products they purchased were not manufactured, marketed, packaged, or labeled accurately. Thus, they could not have reasonably avoided the injury each of them suffered.

270. The gravity of the consequences of Defendants' conduct as described outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace. Such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other members of the Class.

271. Plaintiff seeks all available relief under the UCL.

## COUNT II: UNJUST ENRICHMENT

49. Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

50. Plaintiff, and the other members of the Class, conferred benefits on Defendants in the form of monies paid to purchase Defendants contaminated and worthless Products. These monies were not gifts or donations but were given in exchange for the Products. As for the Defendant, Taco Bell, Plaintiff and Class Members would have paid them directly for food sold at their establishments

containing the contaminated lettuce.  As for the Defendants, Taylor Fresh, it is believed that Taco Bell would have purchased the contaminated products from them or would have paid them to farm and distribute food supplies to Taco Bell for the preparation and sale of food products to consumers such as the Plaintiff and Class Members.

51.    Defendants voluntarily accepted and retained these benefits.

52.    Because this benefit was obtained unlawfully, namely by selling and accepting compensation for Products unfit for human consumption, it would be unjust and inequitable for Defendants to retain the benefit without paying the value thereof.

53.    Defendants received benefits in the form of revenues from purchases of the Products to the detriment of Plaintiff and Class Members, because Plaintiff and Class Members purchased products that were not what they bargained for and were not safe for consumption.

54.    Defendants have been unjustly enriched in retaining the revenues derived from the purchases of the Products by Plaintiff and the other members of the Class. Retention of those monies under these circumstances is unjust and inequitable because Defendants' labeling of the Products was misleading to consumers, which caused injuries to Plaintiff and Class Members, because they would not have purchased the Products had they known the true facts.

55.    Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiff and Class Members for its unjust enrichment, as ordered by the Court.

## COUNT III: STRICT PRODUCT LIABILITY

56.    Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

57.    Defendants manufactured, supplied, and sold the food products contaminated with *Cyclospora* that caused Plaintiff's illness and damages.

58.    The Products that caused Plaintiff's injuries were defective at the time it left Defendants' control. More specifically, the Products were unreasonably dangerous for their ordinary and expected use because they were contaminated with *Cyclospora*, a pathogenic parasite.

59.    The Product was sold to Plaintiff without any change in its defective condition, and the food was used in the manner expected and intended, *i.e.,* human consumption.

60.    Defendants had a duty to warn Plaintiff and the Class Members regarding the risk of contamination associated with the Products.

61.    Defendants were in a superior position to know of the defect or contamination, yet as outlined above, chose to do nothing when the defect became known to them.

62.    Defendants failed to provide adequate warnings regarding the risks of the Products after knowledge of the defect was known only to them.

63.    Despite their knowledge of the defect and obligation to unilaterally strengthen the warnings, Defendants instead chose to actively conceal this knowledge from the public.

64.    Plaintiff and Class Members would not have purchased, chosen, and/or paid for all or part of the Products if they knew of the contamination and the risks of purchasing the Products.

65.    Plaintiff's injuries occurred as a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated food product that was manufactured, supplied, and sold by Defendants.

66.     The Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT IV: BREACH OF WARRANTY

67.     Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

68.     Defendants are engaged in the business of making, selling, distributing, labeling, advertising, retailing, and/or otherwise placing the Product into the stream of commerce.

69.     Defendants made express and/or implied warranties about the food that they manufactured, prepared, and sold, which included, but are not limited to: (i) that the food items were merchantable, in that they would pass without objection in the trade, (ii) were fit for the ordinary purpose for which they were sold, and (iii) were adequately contained, packaged, and labeled, and conformed to promises or affirmations of fact on the container.

70.     The Products are "goods" under the relevant laws, and Defendants knew or had reason to know of the specific use for which the Products, as goods, were purchased.

71.     Defendants' warranty expressly applies to the purchaser of the Products, creating privity between Defendants and Plaintiff and Class Members.

72.     However, privity is not required because Plaintiff and Class Members are the intended beneficiaries of Defendants' warranties and its sale through retailers. Defendants' retailers were not intended to be the ultimate consumers of the Products and have no rights under the warranty agreements. Defendants' warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

73.    Defendants breached the express and/or implied warranties they made because they manufactured, prepared, and sold food items that were contaminated with *Cyclospora*.

74.    Defendants have been provided sufficient notice of the breaches of implied warranties associated with the Products. Defendants were put on constructive notice of the breach through their review of consumer complaints and other reports.

75.    Had Plaintiff, Class Members, and the consuming public known that the Products could contaminate them and cause harm, they would not have purchased the Products or would have paid less for them.

76.    As a direct and proximate result of the foregoing, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT V: NEGLIGENCE

77.    Plaintiff incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

78.    Defendants owed a duty to consumers to produce a product that was safe for its intended consumption.

79.    Defendants breached this duty by producing a product that was dangerous for its intended consumption. Defendants knew or should have known that *Cyclospora* contaminated Products would cause injuries once exposed to humans and thus be worthless as a safe-to-consume Product.

80.    As a direct result of this breach, Plaintiff suffered injury in that Plaintiff has been deprived of their benefit of the bargain. Plaintiff's injuries were caused in fact by Defendants' breach.

But for Defendants' negligent manufacture and improper oversight, Plaintiff would not have been injured.

81. Further, Plaintiff's injuries were proximately caused by Defendants' breach. It is foreseeable that Products containing *Cyclospora* would cause injury, and it is foreseeable that a consumer would lose their benefit of the bargain if they purchased dangerous Products.

82. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class, alleged herein, respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Class and Plaintiff's attorneys as Class Counsel;

b. For an order declaring the Defendants' conduct violates the causes of action referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For injunctive relief as pleaded or as the Court may deem proper; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

i. Such other relief as this Court deems just and proper.

CLASS ACTION COMPLAINT                                                                    17

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: August 6, 2026                    Respectfully Submitted,

**REESE LLP**

*/s/ Michael R. Reese*
Michael Reese (Cal. State Bar No. 206773)
8484 Wilshire Blvd, Suite 515
Los Angeles, California 90211
(212) 643-0500
*mreese@reesellp.com*

- and -

**POULIN | WILLEY | ANASTOPOULO, LLC**
Andre Belanger (*Pro Hac Vice* Forthcoming)
32 Ann Street
Charleston, South Carolina 29403
Telephone: (803) 222-2222
*andre.belanger@poulinwilley.com*
*cmad@poulinwilley.com*

*Counsel for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT                                    18